CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 15 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER ALLEN BOWEN, ) | |
| Plaintiff, ) | Civil Action No. 7:06CV00305 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| NEW RIVER VALLEY ) | By: Hon. Glen E. Conrad |
| REGIONAL JAIL, et al., ) | United States District Judge |
| Defendants. ) | |

Christopher Allen Bowen, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the New River Valley Regional Jail; two nurses at the jail, Rebecca Tatum and Margaret Falls; and the nurses' employer, Southern Health Partners. The case is presently before the court on the motion to dismiss filed by the New River Valley Regional Jail Authority; the motions for judgment on the pleadings filed by Nurse Tatum and Southern Health Partners; and the motion for summary judgment filed by Nurse Falls. For the reasons that follow, the court will grant the motions filed by the New River Valley Regional Jail Authority, Southern Health Partners, and Nurse Falls. The court will deny the motion filed by Nurse Tatum.

### Backgound

Bowen has been incarcerated at the New River Valley Regional Jail since October of 2005. The following factual allegations are taken from Bowen's original complaint, filed on May 18, 2006, and his amended complaint, filed on June 7, 2006.

On October 6, 2005, Bowen sustained a spider bite on his left arm. At approximately 10:00 p.m., Bowen was examined by Nurse Tatum. Bowen alleges that Tatum squeezed the area surrounding the bite, and sent him back to his cell with Ibuprofen and a band-aid.

By the following morning, Bowen's left arm had swollen to more than twice its original size from his hand to his elbow. Despite repeatedly requesting medical assistance, Bowen was not taken to the medical department until that evening. By the time that he was finally seen by Nurse Tatum, the swelling and pain had intensified, and Bowen was feeling nauseous. Tatum informed Bowen that the jail's physician would not be available until October 10, 2005, and that he would have to wait until then to see the physician. Tatum gave Bowen another band-aid and Ibuprofen, and sent him back to his cell.

Bowen awoke the morning of October 8, 2005 with increased pain and swelling. Bowen alleges that he could hardly get out of bed, and that he was unable to eat. Bowen further alleges that because he was experiencing so much pain, he had to carry his left arm with his right arm. Bowen began the process of requesting medical assistance and was again advised that a doctor would not be available until October 10, 2005. Bowen was taken to the medical department that evening, where he was examined by Nurse Tatum. Bowen alleges that Tatum took his temperature, which was "99. something," and provided the same course of treatment, Ibuprofen and a band-aid. She then sent him back to his cell in severe pain.

By the following day, Bowen was unable to get out of bed or eat his meals. He was taken to the medical department, where he was examined by Tammy Cox. After taking his temperature, which was "102 point something," Nurse Cox called the jail's physician to determine the appropriate course of treatment. The physician instructed Cox to send Bowen to Pulaski County Community Hospital.

Bowen was examined in the hospital's emergency room on the night of October 9, 2005. The emergency room physician referred Bowen to Dr. Stuart Goldstein. Dr. Goldstein's examination report indicates that Bowen suffered from a "probable spider bite with small abscess

2

and severe cellulitis of the left arm." Goldstein admitted Bowen for the administration of intravenous antibiotics and an incision and drainage of the bite, with physical therapy to follow.

Bowen remained in the hospital for four days. Bowen alleges that during that time, a physician told him that his left arm may have required amputation if the nurses had waited another day to send him to the hospital. Bowen contends that he is still experiencing problems with his left arm as a result of the delay in receiving treatment.

Bowen was transported back to the jail on October 13, 2005. Bowen alleges that he was supposed to return to the hospital for physical therapy each day from October 14, 2005 to October 28, 2005, and that Nurse Falls failed to send him to his October 26, 2005 appointment. Bowen further alleges that Falls failed to provide his prescribed antibiotic on two occasions.

Bowen filed this action against the jail, Nurse Tatum, Nurse Falls, and Southern Health Partners on May 18, 2006. The defendants have each filed dispositive motions. The New River Valley Regional Jail Authority has moved to dismiss the complaint for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Nurse Falls and Southern Health Partners have filed motions for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Nurse Tatum has filed a motion for summary judgment. The defendants' motions are now ripe for disposition.

### Standard of Review

In deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must determine "whether the complaint, under the facts alleged and under any facts that could be proved in support of the complaint, is legally sufficient." E. Shore Mkt., Inc. v. J.D. Assoc. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). The court must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. Id. The court should not dismiss a

complaint for failure to state a claim, unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A 12(c) motion may raise the defense of failure to state a claim upon which relief may be granted, as set forth in Rule 12(b)(6). Fed. R. Civ. P. 12(h)(2). A 12(c) motion invoking such defense is governed by the same standards applicable to a 12(b)(6) motion. See Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust., Inc., 763 F.2d 604, 610 (4th Cir. 1985). However, the non-moving party may not rely upon the mere allegations of his complaint. Fed. R. Civ. P. 56(e). Instead, his response must, with affidavits or other verified evidence, set forth specific facts showing that there is a genuine issue for trial. Id. If the non-moving party fails to so respond, summary judgment, if appropriate, shall be entered. Id.

## Discussion

1. New River Valley Regional Jail

In order to state a claim under § 1983, a plaintiff must establish that he was deprived of rights secured by the Constitution or laws of the United States, and "that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988)

4

(emphasis added). Because the jail is not a "person" for purposes § 1983, any claims against the jail must be dismissed. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, the court will grant the motion to dismiss filed by the New River Valley Regional Jail Authority.

   2.   Nurse Tatum

Nurse Tatum has filed a motion for judgment on the pleadings, arguing that Bowen's allegations fail to state a claim for deliberate indifference against her. For the following reasons, the court disagrees.

In order to establish a constitutional violation for inadequate medical treatment, an inmate must show that jail officials exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the officials must know of and disregard an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986). Likewise, questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Instead, to establish a claim for deliberate indifference, an inmate must show that treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851-852 (4th Cir. 1990).

Applying these principles to Bowen's allegations, which must be accepted as true for purposes of Nurse Tatum's motion, the court concludes that Bowen has pled sufficient facts to state a claim for deliberate indifference. Bowen alleges that his left arm swelled to more than twice its

5

original size as a result of the spider bite. Bowen further alleges that his left arm became so swollen and painful that he had to carry the arm with his right arm, that he was nauseous and unable to eat, and that he could hardly get out of bed. Although Tatum allegedly examined Bowen on three consecutive days and was aware of his increasingly severe swelling and pain, she failed to seek further medical treatment and merely provided Ibuprofen and a band-aid. Bowen's arm ultimately required inpatient treatment, intravenous antibiotics, and approximately ten days of physical therapy. Bowen was advised that his arm may have required amputation if the jail's nurses had waited any longer to send him to the hospital. Based on these allegations, the court concludes that dismissal for failure to state a claim is not warranted and that Tatum's motion must be denied.[1]

3. Nurse Falls

Bowen alleges that Nurse Falls failed to send him for a physical therapy appointment on October 26, 2005, and that she failed to give him his prescribed antibiotic on two unspecified occasions. Nurse Falls has filed a motion for summary judgment, supported by Bowen's medical records and her own affidavit. The evidence indicates that Bowen did not have an order from the jail's physician for a physical therapy appointment on October 26, 2005. Although the medical records include an October 14, 2005 order for Bowen to receive physical therapy at the hospital on October 15, 16, 17, 18, 19, 20, and 21, 2005, and an October 21, 2005 order for Bowen to be taken for physical therapy appointments on October 22, 23, and 25, 2005, there is no order for a physical therapy appointment on October 26, 2005. Falls emphasizes in her affidavit that without an order

---

[1] The court notes that the case of Albritton v. Edwards, 2005 U.S. Dist. LEXIS 27517 (W.D. Va. 2005), cited by Tatum, is factually distinguishable. Although the plaintiff in Albritton also complained of receiving inadequate medical treatment for a possible spider bite, the plaintiff acknowledged that the bite "was probably just a pimple," and that it was "fully healed within three weeks of its formation." Id. at *16.

6

from the jail's physician, she was not permitted to send Bowen to the hospital for an appointment. Falls also indicates that she does not recall failing to give Bowen his antibiotic on two occasions, and that Bowen could have missed medicine call while he was away from the jail for his physical therapy appointments.

Having reviewed the record, the court concludes that Nurse Falls is entitled to summary judgment. Bowen has provided no evidence to refute Falls' affidavit or the information contained in his medical records. See Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported [by affidavits], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, [but must respond with] affidavits [that] set forth specific facts showing that there is a genuine issue for trial."); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (recognizing the general rule that "when one party files a motion for summary judgment, the nonmovant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion."). Moreover, even assuming that Bowen did miss one physical therapy appointment or two doses of his prescribed antibiotic, he has failed to submit any evidence demonstrating that he suffered any adverse effects from these isolated incidents. Consequently, Bowen has failed to establish a claim for deliberate indifference against Nurse Falls, and the court will grant her motion for summary judgment. See West v. Millen, 79 Fed. Appx. 190, 194 (7th Cir. 2003) (noting that an occasional missed dose of medication, without more, does not violate the Eighth Amendment); Mayweather v. Foti, 958 F.2d 91, 91-92 (5th Cir. 1992) (holding that an occasional missed dose of medication was a "minimal" deficiency that "fell far short of establishing deliberate indifference"); Torres v. Trombly, 421 F. Supp. 2d 527, 532 (D. Conn. 2006) (granting summary judgment where the plaintiff failed to submit any evidence demonstrating that a missed

7

dose of medication interfered with his daily activities or caused him any other medical complications).

4. Southern Health Partners

Although Bowen also names Southern Health Partners (SHP) as a defendant, he does not allege any direct involvement by SHP. Instead, Bowen alleges that SHP, the company providing medical services at the jail in October of 2005, employed Nurse Tatum and Nurse Falls. However, the fact that Tatum and Falls worked for SHP is insufficient to state a claim under § 1983. "[A] private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 727 (4th Cir. 1999); see also Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982) (holding that the principles of § 1983 municipal liability articulated in Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), are "equally applicable to the liability of private corporations."). Because Bowen does not allege, nor does the record reflect, a policy or custom by SHP that resulted in the claimed deprivations, any claims against SHP must be dismissed. Accordingly, the court will grant SHP's motion for judgment on the pleadings.

## Conclusion

For the reasons stated, the court will grant the motion to dismiss filed by the New River Valley Regional Jail Authority, the motion for summary judgment filed by Nurse Falls, and the motion for judgment on the pleadings filed by SHP. The court will deny the motion for judgment on the pleadings filed by Nurse Tatum. Tatum will have twenty days to file a motion for summary

8

judgment.[2]

The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This 14th day of November, 2006.

                                           /s/ Jackson L. Kiser
                                           United States District Judge

---

[2] Pursuant to Rule 83(b) of the Federal Rules of Civil Procedure and the Standing Order entered May 3, 1996, the court may order defendants in a prisoner civil rights action to file a motion for summary judgment.

9